UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Tunyia Nelson, <br><br> Plaintiff, <br><br> v. <br><br> Stellar Recovery, Inc. <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff is suing the Defendant debt collector because the Defendant harassed the Plaintiff with repeated robo-calls for the collection of a debt that she did not owe.

2. Defendant persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

5. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* in its illegal efforts to collect a consumer debt.

6. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

7. Plaintiff Tunyia Nelson (hereinafter "Plaintiff") is a natural person who resides in the City of New Brighton, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

8. Defendant Stellar Recovery, Inc., a Florida Corporation, (hereinafter "Defendant Stellar") is a collection agency operating from a corporate office

address of 4500 Salisbury Road, Suite 105, Jacksonville FL 32216, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. On or before February 18, 2013, and within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Within four (4) years immediately preceding the filing of this complaint, including between August 2012 and September 2012, Defendant Stellar and the collectors employed by Defendant Stellar repeatedly and willfully placed automated robotic telephone calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act*

11. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

12. At all times relevant to this complaint, the Defendant Stellar has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

13. Within four (4) years immediately preceding the filing of this lawsuit, Defendant Stellar telephoned the Plaintiff's cellular telephones on multiple occasions in violation of the TCPA.

14. Without Plaintiff's prior express consent, Defendant Stellar and its collectors repeatedly called Plaintiff on her cellular telephone using an automatic telephone dialing system to call her cellular telephone in an attempt to collect this debt, at least four (4) times.

15. All calls and prerecorded robotic messages were sent in willful violation of the TCPA and the FDCPA because Defendant never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent.

16. Plaintiff did not have any business whatsoever with Defendant.

17. Plaintiff has never given out her cellular telephone numbers to Defendant Stellar or its collectors.

18. Defendant Stellar's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four (4) years prior to filing this complaint, were

illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

19. Defendant Stellar's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

*Summary*

20. All of the above-described collection communications made to Plaintiff by Defendant Stellar and other collection employees employed by Defendant Stellar, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

21. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

22. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

23. Defendant Stellar's actions constituted unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (763) 923-4987 for which the Plaintiff paid money.

24. Plaintiff was charged money for each call that Defendant made to Plaintiff's cellular phones.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant Stellar and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

28. As a result of Defendant Stellar's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Stellar herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Within the four (4) year period immediately preceding this action, the Defendant Stellar made multiple calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

31. The acts and or omissions of Defendant Stellar at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a causally direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Stellar at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

33. Defendant Stellar did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephones.

34. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

35. Defendant Stellar willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

36. Plaintiff is entitled to injunctive relief prohibiting Defendant Stellar from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Stellar as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Stellar and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Stellar and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Stellar and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C.  § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant Stellar and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant Stellar and for Plaintiff;

- for an injunction prohibiting Defendant Stellar from contacting the Plaintiff on her cellular telephones using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 3, 2013

**BARRY, SLADE,**
**WHEATON & HELWIG, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave. SE, Suite 209

                                          Minneapolis, Minnesota 55414-3236
                                          Telephone:  (612) 379-8800
                                          Facsimile: (612) 379-8810
                                          pbarry@lawpoint.com

pfb/ra                                         **Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA                )
                                  ) ss
COUNTY OF HENNEPIN                )

Pursuant to 28 U.S.C. § 1746, Plaintiff Tunyia Nelson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2013                    _____
                                             Signature